Mr. Smith, you have an introduction. Yes, your honor, this is Carlton Smith from Shari Nauflett. I'd like to introduce to the Court a Harvard Law student, Allison Bray, who has completed two years of law school and so is qualified to do this. We've tried to prepare her so we hope she'll do a good job. I'm sure she will. Ms. Bray, welcome. Thank you. And you can start when you're ready. Thank you. Good morning, your honors. May it please the Court. This case raises the issue of whether Ms. Nauflett's right to judicial review is foreclosed because her petition was filed late due to false information provided to her by two IRS employees. 6015 E1A, the Innocent Spouse Relief Provision of the Internal Revenue Code, is not jurisdictional because it does not contain the required clear statement of Congressional intent necessary to confer the right to judicial review. It does not convert its otherwise ordinary claims processing limitation to one that can deprive the court of jurisdiction. The Third Circuit in Rubel on this issue said that that wasn't a problem even where the Internal Revenue Service error was in writing. Is the Third Circuit in Rubel decided incorrectly? We believe that the opinion's reasoning should be questioned for numerous different reasons. The Court failed to acknowledge the broader context that the 90-day period of limitations was enacted within. It's an equitable provision and it was also acted simultaneously with a statute that overruled the Supreme Court's denial of equitable tolling in another matter under 6511 by adding... The Third Circuit is just, they're just wrong in Rubel. We believe that they did not take into consideration all of the recent Supreme Court jurisprudence that is limiting ordinary statute of limitations to not be jurisdictional and, in fact, encouraging lower courts, unless there is a clear statement of Congressional intent, which we do not believe there is within 6015 E1A, not to hold that those statute of limitations periods are jurisdictional. What about the Second Circuit in Matusak? I presume you would say they're wrong, too. Yes, Your Honor. For very similar reasons, again, that they also were hunting for a way to find a clear statement of Congressional intent. They elided statutory work and statutory construction is a holistic endeavor and must account for all the statutes, text, language, as well as punctuation, structure, and subject matter. The text of 6015 E1A is ambiguous on its face and a clear statement cannot be found from a parenthetical, a form of punctuation generally used to offset non-essential material. The parenthetical and the tax court shall have jurisdiction can be interpreted in at least three different ways, each a plausible reading of the statute, and thus the court cannot find a clear statement is contained. A similar statute was determined to be not jurisdictional in Auburn Regional Medical Center. It was similarly phrased and structured to that of 6015 E1A. Both contained a single sentence setting forth jurisdiction, contained other jurisdictional grants, and were structured so that a person may challenge an administrative determination if filed within a certain period, but neither contains a clear statement of Congressional intent. Additionally, and importantly, the court stressed that just because one part of a sentence contains a jurisdictional condition does not make the other conditions within that sentence jurisdictional simply because of the proximity to that. You started out by indicating this is a couple of facts that she, in fact, had been told something different. Turns out that was not true. That has no bearing on the question of whether it's jurisdictional. That's correct. We believe that those facts go to whether she is entitled to equitable tolling. If this court does find that 6015 E1A's 90-day period is not jurisdictional. Only two other courts have looked at 6015 E1A's 90-day period, circuit courts, the 2nd Circuit and the 3rd Circuit. However, other courts have determined... Those two you were saying, 2nd and the 3rd, they got it wrong, so you expect the 4th Circuit to get it right. That's correct. Again, the 2nd and 3rd Circuit failed to analyze why the phrase in the tax court shall have jurisdiction appears in parentheses and also failed to analyze why the parentheses language is placed where it is within the statute. We believe that this court should heavily question the reasoning in Matusak and Rubel, the 2nd and 3rd Circuit's rulings, and come to an inopposite conclusion. In terms of just once a court makes a decision like that, if Congress thinks it's wrong, how would they just fix it? I cannot answer for why Congress has not fixed this yet. However, we believe... Do you believe that they think they're right? I'm sorry? Do they think that the courts got it right? I'm not quite sure why Congress has not addressed this. However, it does not appear, again, from the jurisprudence that the Supreme Court has held that Congress actually needs to act to correct this statute. While they could put out a clearer statement, that would be very helpful. However, the 90-day period is not jurisdictional, and so Congress might not think that it's necessary for them to act, given the time that they have to do different actions. And again, in the 9th Circuit, a statute that had the heading jurisdictional and contained statutory language that clearly indicated a jurisdiction, quoting, and any court of competent jurisdiction held that that was not a jurisdictional statute of limitations. Additionally, this court should consider the context in which 6015 UNA was enacted in. 6015 UNA is an equitable relief provision enacted to provide taxpayers relief where it would otherwise be inequitable to hold them liable. Congress purposely omitted any time limitation on taxpayers to raise innocent spouse relief. Imposing rigid jurisdictional treatment on the 90-day filing period would clash sharply with the administrative scheme that Congress set out to create. In Henderson v. Cyncki, the Supreme Court held the 120-day period for filing a redetermination for veterans' benefits was not jurisdictional, and it focused on the singular characteristics of the review scheme that Congress had created. We believe that the innocent spouse relief provisions are similarly enacted and also provide for a solicitous process to assist taxpayers in challenging what otherwise would be a joint and several liable for filing joint returns. It may require you to repeat yourself, but what do you think it means? Why is it there? We don't know why Congress chose to include the parenthetical. It's nothing more than an implicit grant of jurisdiction. The tax board would otherwise have jurisdiction regardless of whether that parenthetical was placed in the statute. However, it chose to include that, and it also chose to include it in parentheses and in the location where it is. It's not after the 90 days required. It's right before the subject matter jurisdiction, a tax court's ability to determine the appropriate relief available to individuals under this section. So you want us to ignore it? Not ignore it, but find that the fact that it's there does not govern the 90-day statute of limitations that's contained within it. Just because it's close in proximity, Auburn holds that that doesn't necessarily create a jurisdictional tie between the two. So wouldn't it be nicer if we said why it is there? It would be, but again, Congress has not made clear why it intended to include that. It, you know, potentially wanted to make sure that courts knew that the tax court would have jurisdiction to determine the appropriate relief for innocent spouse provisions. But if you can't give us a reason for why that phrase is in subsection A, it would seem like the court would be determining either explicitly or implicitly that the language is just superfluous. It's generally we're instructed not to do it. And we also believe that it's an implicit grant of jurisdiction. It did not need to be there, and yes, you are correct. However, the standard is a clear statement of congressional intent. This is not a clear statement. We have no idea whether the parenthetical modifies just the terms after it, all of the terms within the statute, or none of the terms within the statute. But if there's no clear explanation otherwise, then isn't it clear that it means what the government says it means? We believe that it very much could be just conditional on to determine the appropriate relief available for any individual. That is our interpretation of the statute. It is not clear what Congress intended to have. However, again, based on the fact that this is an equitable relief provision, trying to facilitate taxpayers' ability to relieve themselves from joint and several liability, based on all facts and circumstances, taking into all considerations, that Congress would not have wanted this to be a jurisdictional bar for litigants, especially litigants who are told false deadlines to file their petition, and thus are judicially barred from having an independent body review their claim. As well as the context, the legislative history is silent as to what Congress wanted 6015E18, how it wanted it to govern. However, there's nothing in the legislative history that says it should be jurisdictional. Congress drafted this provision at the same time it drafted a provision overruling Broadcamp, which held that equitable tolling did not apply in the tax court. It was not a jurisdictional matter. The court only addressed whether 6511 was able to be equitably tolled. Congress explicitly overruled that by adding Section H, which addressed individuals who were suffering from a disability, their ability to bring a claim outside of the two-year, three-year statute of limitations contained within 6511. Those are the exact same facts that happened in Broadcamp. It was two individual taxpayers suffering from a disability, and we believe the fact that Congress was already looking at equitable tolling applying in the tax court when it overruled Broadcamp, and we believe given the symmetry between enacting that and enacting 6015E1A, that Congress would have wanted that to also apply. I would like to address also the equitable tolling in this matter. We believe that the Erwin presumption of equitable tolling is applicable in this matter. In order to overrule the presumption of Erwin, the court must determine Congress indicated an intent to preclude equitable tolling in a suit against the government, and there is no indication here. In Erwin, the Supreme Court in Auburn found the Erwin presumption did not apply because the statutory scheme involved sophisticated, well-represented, repeat institutional players that were electing to participate in the Medicare system. Unlike the statutory scheme in Auburn, 65E1A's statutory scheme is unusually protective of taxpayers and involves laymen traditionally unassisted by trained lawyers initiating the process, similar to other statutory schemes that the Supreme Court has held bound by the Erwin presumption. Just for reference, in the 2009 study, of the 550 tax court petitions that were filed, 426 of those were filed pro se. In addition, the majority of those were also filed by women, such as Ms. Nafolet, who filed her petition pro se. The Erwin presumption also applies to 6015E1A because it's an equitable relief provision, as I have stressed before. It's a unique provision in the Internal Revenue Code, in part because it provides relief from liability where it otherwise would be inequitable to impose it. We believe that Broadcamp does not bind this court in determining that equitable tolling does apply to 6015E1A. As I have mentioned, Broadcamp was legislatively overruled by Congress when they acted 6511H. In addition, 6015E1A is not a highly detailed and technical statute. It does not reiterate the time limitation and numerous different provisions within it, unlike 6511, which mentioned it at a minimum of nine times. It also doesn't contain numerous statutory exceptions to the filing deadline. Ms. Nafolet is entitled to equitable relief in this matter. She actively pursued her judicial remedies and petitioned, and her petition was only filed late due to false information provided by her adversaries. Ms. Nafolet began actively pursuing her rights after she was denied her equitable relief. She began working with the taxpayer advocate. She began forwarding notices to the representative that was appointed to her, saying that she wanted to petition the tax court. She wanted to challenge the determination that they had made. Ms. Nafolet submitted two different letters to the IRS telling them, and again, while we understand that that is not the correct method for her to challenge her petition, it does show that she was actively trying to adjudicate her rights. She was not sitting on her rights. She also was induced by her adversary into filing outside the limitations period. Two different employees told her a week late filing period, the day that she actually did file her petition on. Ms. Nafolet was actively trying to avoid having to go through litigation. She wanted to avoid this entire process by working with the IRS to have them overturn her denial of her innocent spouse's relief. However, by the end, it was clear to her that she was not going to get that, and so she filed her petition on the exact date that they told her that she could still file her petition on. She was induced into filing this, and she deserves to have an independent body review the claims that she has. In conclusion, Ms. Nafolet owes $300,000. For a refund suit, you have to file the entire amount and then sue for a refund all within two years. The two-year window is all that she can collect on. So any money that was paid in hopes that she could sue for a refund would not be collectible, or would not be able for her to actually retain. So while technically, yes, that is an option that she has, feasibly it's not. She makes $70,000 a year. She's supporting two teenage daughters, one of whom is in college. It's not feasible to ask Ms. Nafolet to come up with $300,000, pay that within two years, and then within that two years as well, sue for a refund to be able to collect on it. Ms. Nafolet has been judicially barred from the court, and we do not believe that the 90-day period within 6015 E1A is jurisdictional. And we also believe that Congress intended for equitable doctrines to apply to an equitable relief provision in the Internal Revenue Code. And we request this court reverse the decision of the tax court and find that 6015 E1A is not jurisdictional and does not contain a clear statement of congressional intent and is subject to equitable tolling. Thank you, Ms. Bright. Mr. Calderon. Good morning, Your Honors. Richard Calderon on behalf of the Commissioner of Internal Revenue. May it please the Court. The Second and Third Circuits correctly held that the plain text of Section 6015 E1A makes the 90-day period for filing an innocent spouse petition in the tax court jurisdictional. The statute says that an individual may petition the tax court and the tax court shall have jurisdiction to determine the appropriate relief available to the individual under this section if a petition is filed in the statutory 90-day window. And as the Second Circuit put it in the Matuzak case, by using that language, Congress expressly conditioned the tax court's jurisdiction on the filing of a timely petition. Furthermore, it does not matter at all that the phrase, and the tax court shall have jurisdiction, appears in parentheses. The Supreme Court said in the United States v. Woods case that simply because material appears in a statute inside parentheses does not justify robbing that language of its ordinary meaning, much less reading it entirely out of the statute. This Court, therefore, need go no further than the plain text of Section 6015 E1A to affirm the tax court's order of dismissal in this case. Very briefly, though, I just wanted to touch on two other sources of support for the Second and Third Circuits' holdings. One is the statutory context.  premature collection actions that relate to pending requests for innocent spouse relief, but it makes clear that the tax court shall have no jurisdiction to do so unless a timely petition is filed. And this is... Do you think Congress would have been more explicit if it wanted to have this kind of all-or-nothing effect? Your Honor, I don't think Congress could have been more explicit. They say that the tax court shall have jurisdiction if a petition is timely filed. That's directly conditioning the tax court's jurisdiction on the timely filing of a petition. Finally, Your Honor... Your Honor, it's either that the Irwin presumption doesn't apply or that it's overcome. The Supreme Court, in footnote 3 of the opinion in Kwai-Fun Wong, says that when you're determining whether something is jurisdictional, it doesn't matter which way you look at it. Finally, Your Honors, every appellate opinion that interprets a statute that contains a similar link between jurisdiction and timeliness holds that the time-limited issue or the other provision at issue is jurisdictional. The cases from the Second, Eighth, and Ninth Circuits interpreting other restrictions within Section 6015E1 hold those restrictions to be jurisdictional. So do the Fifth Circuit and AIM controls and the Seventh Circuit Miller v. FDIC, which we discussed in our brief. So for those reasons, Your Honor, we respectfully ask that you affirm the tax court's order of dismissal. Let me just make a personal observation. When I get back from court this week, next week, I'm going to call the IRS helpline, which I use frequently, and ask them a question about taxes, and it involves a time limit, and it's right disconcerting to find out in this case that if they tell me wrong, it's just my tough luck. But that's what you're saying, isn't it? Even if they tell you wrong, it's your tough luck. You should have read the IRS rigs, which everybody has a copy lying around. Your Honor, that's not exactly what we're saying. Under the statutory scheme that Congress enacted, yes, it is tough luck, and the flip side of a jurisdictional time limit is that it will occasionally work harsh results in individual cases. We recognize that. But the notices of determination in this case expressly state that the deadline is 90 days from the date on the notices themselves, and they further state that the IRS is unable to change that period. That's at pages 15, 19, and 23 of the appendix. And so Ms. Knopfler did not need to go to the IRS regulations. She simply needed to read the letter that was sent to her. That doesn't address the concern. You're right, it does state all that. But the problem is if someone called and you tell them something different, what's the trouble in it? What is the evidence that will tell them the truth? I mean, if you had some desire to say, well, you know, oh, you can just tell them any time, then you get away with it because regulation doesn't allow you to do it. It seems like there ought to be something to be done about that. In a case where the IRS was routinely lying to taxpayers, Your Honor, there may well be. You don't need a repeat lie. You need one for a woman to end up with $300,000 in liability, at least to be, she's not mostly liable, but to be included into it. Your Honor, there's no evidence in this record that this was an intentional misstatement on the part of the IRS. It was, you know, assuming that this is what the IRS told Ms. Nofflett, it was incorrect, and that's unfortunate, and it should not have happened. But there's no evidence in this record that the IRS was intentionally lying to her. It's unfortunate, but I think there's a case in which the district court actually told the defendant or someone that he had extra time, so you can't even allow the district court to see it. That's correct, Your Honor. And in the Shendot case in the Third Circuit, the en banc opinion, in that case it was actually the board that had denied the claimant's benefits that sat on a petition incorrectly filed with the board for 90 days. The petitioner had filed it there on the advice of a lawyer. It had to be filed with the court rather than with the board, and the Third Circuit said there's nothing we can do about it. I'm sorry. Thank you, Mr. Gallagher. Thank you very much. Ms. Bray, you have a few minutes remaining. Thank you, Your Honors. I'd like to just address a few things that my friend brought up during his argument. First, I would like to clarify one thing. Congress has not passed any procedural tax legislation since the Rubel and Matusak opinions came out, so this Court should not hold that just because those opinions have gone. Congress automatically has adopted them. Nothing has been passed that would indicate that Congress has found that those holdings were actually the correct interpretation of what they meant for 6015E1A. And while the letter does state 90 days to which to file a petition, we're talking about a pro se taxpayer, someone who is not experienced with the litigation process. She called the numbers listed on the Notice of Determination so that she could obtain help with understanding the letter. Mr. Stacey, in the Joint Appendix, the FOIA request that we obtained his records, indicates that he had reviewed the Notice of Determination with Ms. Malfillet and still told her a week late to file the deadline. If a person that's working at the IRS cannot determine the correct date, it's illogical to believe that a pro se litigant who is already overwhelmed with the entire process would be able to determine that. And she has every right to believe what the IRS is telling her. They were supposed to be acting in that capacity as her fiduciaries, and they breached that trust of her when telling her the wrong date and then having her foreclosed from having independent review of that petition. You could be absolutely right, and that sounds real good, but if the statute does not prefer a subject matter jurisdiction, the full circuit can't do it. While that would be correct, however, we do not believe that 6015E1A's 90-day period is jurisdictional because it does not contain the required clear statement of congressional intent to overrule a very high bar presumption that statute of limitations periods are almost never jurisdictional. And again, that exception is when there is a clear statement. There is no clear statement here. It is a parenthetical next to a subject matter grant of jurisdiction away from the time limitation that is required for taxpayers to bring, and there's nothing that indicates that Congress would not want equitable relief documents to apply to an actual relief provision of the Internal Revenue Code, an already unique provision in the Internal Revenue Code. Ms. Naufla requests this court determine that the 90-day period is not jurisdictional, that she is allowed to bring her claim, and that she is entitled to equitable relief under the statute. Thank you. I'll ask the clerk to adjourn court and we'll come back to brief counsel. This honorable court stands adjourned until 2.30 this afternoon. God saves the United States and this honorable court.
judges: William B. Traxler Jr., G. Steven Agee, James A Wynn Jr.